**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2144
Fax: (609) 989-0451

| | |
|---|---|
| CHAMBERS OF<br>*DOUGLAS E. ARPERT*<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER U.S. COURTHOUSE<br>402 E. STATE STREET, ROOM 6000<br>TRENTON, NJ 08608 |

**July 17, 2013**

RE:   DOROTHY RHUE ALLEN v. LASALLE BANK, N.A
        08-2240(AET)

<u>**STANDING ORDER SETTING SETTLEMENT CONFERENCE**</u>

Counsel:

This case has recently been set for a Settlement Conference before me. All parties and their lead counsel are directed to appear at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 6W, Trenton, NJ on **August 29, 2013** at **2:30 P.M.**

**SETTLEMENT CONFERENCE PREPARATION**

The vast majority of civil suits are settled prior to trial. Settlement discussions in the early stages of the litigation can minimize or eliminate costly discovery and other expenses, allowing greater flexibility in settlement negotiations. Substantial planning by all parties is essential to a successful settlement conference and the better prepared a party is, the better the result. The Court has found that the following steps are highly beneficial to a successful settlement conference.

A.   FORMAT

   1.   **PRE-CONFERENCE DEMAND AND OFFER.** The settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, Plaintiff's counsel shall submit a written itemization of the damages claimed as well as a settlement demand with a brief explanation of why the demand is appropriate. No later than seven (7) days prior to the settlement conference, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why such an offer is appropriate. This process often leads directly to a settlement. However, if settlement is not achieved, Plaintiff's counsel shall forward copies of these letters to my chambers no later than three (3) business days before the conference. Do ***not*** file copies of these letters with the Clerk's Office or via **CM/ECF**.

   2.   **ATTENDANCE OF PARTIES REQUIRED. Parties with ultimate settlement authority must be present.** The Court generally sets aside two-three (2-3) hours for each settlement conference. Given the time constraints, scheduling conflicts, and logistics involved, it is imperative that the Parties' representatives obtain sufficient authority in advance of the conference. An insured party shall appear by way of an authorized representative of its insurer who has the *authority to settle the matter up to the limits of the opposing party's existing settlement demand*. An uninsured corporate party shall appear by way of an authorized representative who has *authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer*. Having a

client with authority available by telephone is ***not*** an acceptable alternative, except under the most extenuating circumstances and as approved in advance by the Court. It is impossible for a person who is not present to fully appreciate the process and the Court's perspective towards settlement.

       3.       **MEDIATION FORMAT**. The Court will generally use a mediation format; an opening presentation by the Court followed by a joint discussion and private caucusing with each side. The Court expects both the attorneys *and* the party representatives to be fully prepared to participate. The Court encourages all parties to objectively assess their positions and consider creative means of resolving the dispute. Unlike trials where statutory limits often govern what damages are available, settlement affords the parties much greater latitude to achieve an equitable result.

       4.       **STATEMENTS INADMISSIBLE**. Statements made during the settlement conference are not admissible at trial. As such, parties are encouraged to be candid and open in their discussions. Open discussion is essential to clarifying the issues and better enables each party to evaluate their own position. Although emotions can run high at these conferences, the Court expects the parties to address each other with courtesy and respect.

**B.**       **ISSUES TO BE DISCUSSED AT SETTLEMENT CONFERENCE**

Parties should be prepared to discuss the following during the settlement conference:

1. What are your objectives in the litigation?
2. What issues need to be resolved?
3. What are the strengths and weaknesses of your case?
4. Do you understand the opposing side's view of the case?
5. What are the points of agreement and disagreement between the parties' factual and legal positions?
6. Are there any impediments to settlement?
7. What remedies are available through litigation?
8. Do you have adequate information to discuss settlement?

**C.**       **ISSUES TO CONSIDER WHEN NEGOTIATING SETTLEMENT**

Parties should consider the following factors when evaluating settlement terms:

1. Monetary Terms: payment options, attorney's fees, outstanding liens, and tax treatment.
2. Form and Scope of Release: will it be one-way or mutual? Full or limited?
3. Confidentiality: what settlement information may be disclosed by each party?
4. Settlement Enforcement: how will the settlement be enforced? Separate action or other mechanism?
5. Disposition of Litigation: will settlement terminate all aspects of the litigation?

**D.**       **INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have actively participated in a court proceeding. The settlement conference provides a mechanism for clients to ask questions and gain

a better understanding of the litigation process and benefits of settlement. Therefore, counsel shall provide a copy of this Standing Order to their client(s) and shall discuss the points contained herein with them prior to the settlement conference.

**E.     ADDITIONAL INFORMATION**

Finally, because the Court devotes considerable time and attention to the settlement process, every effort should be made to avoid last minute adjournment requests. Absent extraordinary circumstances, such requests will not be favorably considered. If you or your clients require additional information concerning our settlement conference practices and procedures, please contact my Chambers prior the conference.

I hope this information is helpful and I look forward to meeting with you and your client(s).


IT IS SO ORDERED.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel